IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN J. JAVAN, on behalf of himself and          :
Those similarly situated,                              :          CIVIL ACTION NO.
                                                               :
              Plaintiff(s),                          :
                                                               :
      vs.                                             :
                                                               :
LVNV FUNDING, LLC, NIAGARA                    :
CREDIT SOLUTIONS, INC. and FRANK         :
SALVINI,                                                  :
                                                               :
           Defendants.                          :
                                                               :

## **NOTICE OF REMOVAL**

NOW COMES the Defendant LVNV FUNDING, LCC ("LVNV"), by and through its

counsel and states as follows:

1.      This action was commenced by filing a Complaint on March 30, 2015, in the

Superior Court of New Jersey, Middlesex County – Law Division, at Docket No. L-1841-15.  A

true and correct copy of the Case Document List in that action is attached hereto as Exhibit "1."

2.      A true and correct copy of all process, pleadings and orders served upon LVNV in

the subject lawsuit is attached hereto at Exhibit "2" and consists of the Summons and the

Complaint, which was the initial pleading served upon LVNV on May 6, 2015.  Therefore, this

Notice of Removal is timely.

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331

(Federal Question Jurisdiction) because this lawsuit arises under the Constitution, laws, or

treaties of the United States.

4.      As alleged in the Complaint, this lawsuit involves an action brought by the Plaintiff under 15 U.S.C. § 1692 et seq., The Fair Debt Collection Practices Act ("FDCPA"). *See* Exhibit 2 at ¶ 1.

5.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims brought in this action arising under N.J.S.A. 56:12-14 to 18, the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA") because those claims form part of the same case or controversy at issue in this lawsuit.

6.      All Defendants in this case have consented to the removal of this action to this Court.  True and Correct copies of all Defendant's written consent to removal are attached hereto at Exhibit "3."

7.      Promptly upon the filing of this Notice of Removal, a true and correct copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Fed. R. Civ. P. 5(d), LVNV concurrently files with this Court a Certificate of Service of this Notice of Removal to the adverse party.

8.      Concurrently with the filing of this Notice of Removal, LVNV is filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey, Middlesex County – Law Division in accordance with 28 U.S.C. § 1446(d).

9.      This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  See 28 U.S.C. § 1446(a).

10.      Plaintiff has commenced the subject lawsuit in a state court and the subject lawsuit is pending at a place within the district and division of this Honorable Court.

11.      LVNV submits this Notice of Removal subject to and without waiving any defenses and rights available to it.

WHEREFORE, notice is given that this action is removed from the Superior Court of New Jersey, Middlesex County – Law Division, to the United States District Court for the District of New Jersey.

Respectfully submitted,

Dated: May 14, 2015

By: _____

Joann Needleman (NJ ID No. 031221994 )
CLARK HILL PLC
One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, PA 19103
(215) 640-8500
(215) 640-8501

*Attorneys for Defendant,*
*LVNV Funding, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL has been served upon all counsel of record this 14th day of May, 2015, via electronic mail and U.S. Mail, postage pre-paid, as follows:

Daniel I. Rubin, Esq.
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ 08902

Christopher J. McGinn, Esquire
LAW OFFICE OF CHRISTOPHER J. McGINN
75 Raritan Avenue, Suite 220
Highland Park, NJ 08904

*Attorneys for Plaintiff(s)*

_____
Joann Needleman

# EXHIBIT 1



**ACMS Public Access: Case Document List**

**Page: 1**

**END OF LIST**

| VENUE      | : MIDDLESEX | COURT : LAW CVL | DOCKET # : L  001841   15 |
|------------|-------------|-----------------|---------------------------|

CASE TITLE : JAVAN JOHN VS LVNV FUNDING LLC

| SEL | DATE FILED | | | DOC NUM | DOCUMENT TYPE | NON CONF | FILING/TARGET PARTY NAME | | ATTORNEY NAME | MUL PTY | DOC STA |
|-----|------|----|------|-----|-----------|---|---------|------|-------------|---|---|
| ⊕ | 03 | 30 | 2015 | 001 | COMPLAINT | | JAVAN | | MCGINN | N | |
| ⊕ | 05 | 11 | 2015 | 002 | PRF SERVC | | SALVINI | | ATTY REQUIRE | N | |
| ⊕ | 05 | 11 | 2015 | 003 | PRF SERVC | | NIAFARA | CRED | ATTY REQUIRE | N | |

Screen ID:CVM1023 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: SQ528N Case Count: 1
BUILD 2012.1.0.02.09 Timer Count down: 297

# EXHIBIT 2

Daniel I. Rubin (NJ ID# 015552005)
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ  08902
(732) 545-7900 - Telephone
(732) 545-1030 - Fax

Christopher J. McGinn (NJ ID# 40832001)
LAW OFFICE OF CHRISTOPHER J. MCGINN
75 Raritan Ave, Suite 220
Highland Park, NJ 08904
(732) 937-9400 - Telephone
(800) 932-2408 – Fax

*Attorneys for Plaintiff,*
*on behalf of himself and those similarly situated*

| | |
|---|---|
| JOHN K. JAVAN, on behlaf of himself and those similalry situated, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY – LAW DIVISION |
| Plaintiff(s), | Civil Action: |
| vs. | Docket No. MID-L-001841-15 |
| LVNV FUNDING, LLC, NIAGARA CREDIT SOLUTIONS, INC. and FRANK SALVINI, | **SUMMONS** |
| Defendants. | |

From The State of New Jersey
To The Defendant Named Above:   **Niagara Credit Solutions, Inc.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion

(with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.


Dated:  April 7, 2015                    /s/ *Michelle M. Smith*
                                          Michelle M. Smith
                                          Clerk of the Superior Court of New Jersey

*Name of defendant to be served*:       **NIAGARA CREDIT SOLUTIONS, INC.**

*Address for service:*                   420 Lawrence Bell Drive, Suite #2
                                          Williamsville, New York
                                          **(VIA GUARANTEED SUBPOENA)**

Daniel I. Rubin (NJ ID# 015552005)
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ 08902
(732) 545-7900 - Telephone
(732) 545-1030 – Fax

Christopher J. McGinn (NJ ID# 40832001)
LAW OFFICE OF CHRISTOPHER J. McGINN
75 Raritan Ave, Suite 220
Highland Park, NJ 08904
(732) 937-9400 - Telephone
(800) 932-2408 – Fax

*Attorneys for Plaintiff,
on behalf of himself and those similarly situated*

| | |
|---|---|
| JOHN K. JAVAN, on behalf of himself and those similarly situated, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY - LAW DIVISION |
| Plaintiff(s), | **Civil Action** |
| v. | Docket No. L-1841-15 |
| LVNV FUNDING, LLC, NIAGARA CREDIT SOLUTIONS, INC. and FRANK SALVINI, | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Defendants. | |

## NATURE OF THE ACTION

1.     Plaintiff brings this action on behalf of himself and others similarly situated for damages

and other relief arising from Defendants' violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt

Collection Practices Act (hereinafter, FDCPA) and Defendant LVNV Funding LLC's violation

of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -

18 (hereinafter, TCCWNA).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter alleging violations of the FDCPA pursuant to

15 U.S.C. § 1692k(d).

3.      Venue in this action properly lies in Middlesex County, New Jersey, as Defendants are out-of-state corporations that do business there.

## PARTIES

4.      Plaintiff John K. Javan (hereinafter, Javan or Plaintiff) resides in Bayonne, New Jersey.

5.      Niagara Credit Solutions, Inc. (hereinafter, Niagara Credit) is New York State corporation with an office located at 420 Lawrence Bell Drive, Suite #2, Williamsville, New York.

6.      Niagara Credit is registered to conduct business in New Jersey as a foreign corporation and has designated the Corporation Service Company, located at 820 Bear Tavern Road, Ewing Township, New Jersey, as its registered agent for service of process.

7.      Niagara Credit is a debt collector.

8.      Defendant Frank Salvini is a "Division Manager" of Niagara Credit and has held this position since prior to October 10, 2014.

9.      Defendant LVNV Funding LLC (hereinafter LVNV) is a Delaware Corporation.

10.     Defendant LVNV has a registered agent in Delaware named Corporation Service Company whose address is 2711 Centerville Road, Suite 400, Wilmington, DE 19808

11.     Defendant LVNV has listed their address as 15 S Main Street, Suite 600, Greenville, SC 29601 on documents filed in the New Jersey Courts.

12.     Defendant LVNV has an agent in South Carolina named Corporation Service Company whose address is 1703 Laurel St, Columbia, SC 29223.

13.     LVNV is a debt buyer.

**ALLEGATIONS OF FACT**

14.     Niagara Credit was retained by LVNV Funding LLC (LVNV) to collect an alleged debt from Plaintiff that LVNV allegedly owned.

15.     According to Niagara Credit, the "Reference Creditor" of the alleged debt was "HOUSEHOLD BANK- COMP USA".

16.     Subsequent to being retained by LVNV, Niagara Credit sent a letter to Plaintiff on behalf of LVNV dated October 10, 2014.  Plaintiff received this letter, a copy of which is attached as **Exhibit A**.

17.     The October 10, 2014 Niagara Credit letter states:

    a.  That the total amount due was $5,337.16 and that this amount was comprised of a "Principal Balance" of $3,867.86 and an "Interest Balance" of $1,469.30.

    b.  That Niagara was authorized by LVNV to offer Mr. Javan a settlement where the $5,337.16 alleged debt could be settled for a total of $3,202.29 provided Mr. Javan made a first payment of $250 to Niagara by no later than October 10, 2014 and a second and final payment of $2,952.29 by October 31, 2014.

    c.  The debt in question was subject to a judgment with the docket number DC-010487-08.

18.     The October 10, 2014 letter was Niagara Credit's initial communication with Plaintiff.

19.     Defendant Salvini signed the October 10, 2014 Niagara Credit letter.

20.     Niagara Credit sent a second letter to Plaintiff on behalf of LVNV dated October 13, 2014.  Plaintiff received this letter, a copy of which is attached as **Exhibit B**.

21.     The October 13, 2014 Niagara Credit letter states:

    d.  That the total amount due was $5,337.16 and that this amount was comprised of a "Principal Balance" of $3,867.86 and an "Interest Balance" of $1,469.30.

    e.  That Niagara Credit was authorized by LVNV to offer Mr. Javan a settlement where the $5,337.16 alleged debt could be settled for a total of $3,202.29 provided Mr. Javan paid this amount to Niagara by November 27, 2013.

    f.  The debt in question was subject to a judgment with the docket number DC-010487-08.

22.     The debt that Niagara Credit was attempting to collect had been the subject of lawsuit filed by LVNV on March 28, 2008 that resulted in a judgment in the amount of $3,867.86, Docket Number BER-DC-010487-08.

23.     According to the "Certification of Proof" and accompanying "Statement/Book Account" filed in the LVNV lawsuit, the debt that LVNV was attempting to collect was charged off on January 31, 2001. The "Certification of Proof" and "Statement/Book Account" are attached as **Exhibit C**.

24.     LVNV filed its lawsuit more than seven years after the charge-off date.

25.     The "Statement/Book Account" filed by LVNV in connection with the entry of judgment on Plaintiff's account states that between April 28, 2004 and May 21, 2008, Plaintiff's account accrued a total of $353.55 in interest at the Court's applicable post-judgment interest rates, which ranged between 2.00% and 5.50% during that time period.

26.     The amount of $1,469.30 that Niagara Credit identified in both letters that it sent to Mr. Javan is many times greater than the Court rate of interest that was applied to New Jersey judgments from the time the LVNV judgment was entered through to the date when the Niagara Credit collection letters were sent.

27.     The accrued interest on a judgment of $3,867.86 between June of 2008 and October of 2014 at the applicable post-judgment rates set by N.J. Ct. R. 4:42-11, which fell from 5.5% in 2008 to 0.25% in 2013 and 2014, would be less than $400, not accounting for any interest charged on interest.

28.     The $1,469.30 "Interest Balance" demanded in Niagara Credit's letters is more than $1,000 in excess the actual Court rate of interest that LVNV could demand on the judgment amount.

29.     Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

30.     Defendants regularly collect or attempt to collect debts due or alleged to be due another.

31.     Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another.

32.     Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

33.     Defendants use the mail, telephone or other instruments of interstate commerce in their attempts to collect debts due or alleged to be due another.

34.     Defendants use the mail, telephone or other instruments of interstate commerce in their attempts to collect consumer debts owed or due or asserted to be owed or due another.

35.     Defendants use the mail, telephone or other instruments of interstate commerce in their attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

36.     Each Defendant is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

37.     Javan is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

38.     The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts as defined by the FDCPA.

39.     Plaintiff and others similarly situated are consumers as they are natural persons allegedly

obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

40.     Within the last year, Defendants sent collection letters to numerous New Jersey consumers on behalf of LVNV Funding that included a demand for an "Interest Balance" in addition to the alleged "Principal Balance" on a matter in which LVNV Funding had previously obtained a New Jersey judgment.

## CLASS ACTION ALLEGATIONS

41.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. Plaintiff brings this action on behalf of himself and others similarly situated. Plaintiff seeks certification of a Class initially defined as follows:

> All New Jersey consumers to whom Niagara Credit Solutions Inc., during the appropriate statutory limitations period, sent a collection letter on behalf of LVNV Funding that included a demand for an "Interest Balance" in addition to the alleged "Principal Balance" on a matter in which LVNV Funding had previously obtained a New Jersey judgment and where that judgment had not been vacated as of the time to the letter was sent.

42.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members against all Defendants under the Fair Debt Collection Practices Act and against LVNV under TCCWNA.

43.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

44.     There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

   A.  Whether Defendants are debt collectors under the FDCPA;

   B.  Whether the Defendants misrepresented the amount of the alleged debt;

C. Whether the Defendants had a basis to demand interest on a judgment amount in excess of the Court rate of interest;

D. Whether the actions of the Defendants were deceptive or would cause the least sophisticated consumer to become confused;

E. Whether Defendants violated various provisions of the FDCPA, as identified below;

F. Whether the October 10, 2014 and the October 13, 2014 letters sent to Plaintiff and others similarly situated constitute offers to enter into a written consumer contract;

G. Whether the October 10, 2014 and the October 13, 2014 letters sent to Plaintiff and others similarly situated contain provisions which violate the clearly established legal rights of Plaintiff and others similarly situated; and

H. Whether Plaintiff and the Class are entitled to damages.

45.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA and TCCWNA provide for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

46.    The claims of the Plaintiff are typical of the claims of the members of the Class.

47.    The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

48.    Plaintiff does not have interests antagonistic to those of the Class.

49.    The Class, of which Plaintiff is a member, is readily identifiable.

50.    Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of

experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

51.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

52.     Plaintiff does not anticipate any difficulty in the management of this litigation.

### FIRST CLASS COUNT
### Fair Debt Collection Practices Act Violations

53.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

54.     Defendants violated 15 U.S.C. §1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with the collection of a debt from Plaintiff and others similarly situated.

55.     Defendants violated 15 U.S.C. §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiffs and others similarly situated.

56.     By demanding and attempting to collect interest in excess of the post-judgment interest rate established by the New Jersey Court Rules, Defendants falsely represented the character, amount, or legal status of a debt, in violation of the FDCPA at 15 U.S.C. §1692e(2)(A).

57.     By demanding and attempting to collect interest in excess of the post-judgment interest rate established by the New Jersey Court Rules, Defendants used a false representation or deceptive

means to collect or attempt to collect a debt, in violation of the FDCPA at 15 U.S.C. §1692e(10).

58.     By demanding and attempting to collect interest in excess of the post-judgment interest rate established by the New Jersey Court Rules, Defendants falsely represented the compensation which may lawfully be received by a debt collector for the collection of a debt, in violation of the FDCPA at 15 U.S.C. §1692e(2)(B).

59.     By demanding and attempting to collect interest in excess of the post-judgment interest rate established by the New Jersey Court Rules, Defendants collected or attempted to collect an amount that was not expressly authorized by the agreement creating the debt or permitted by law, in violation of the FDCPA at 15 U.S.C. §1692f(1).

60.     The violations of the FDCPA described herein constitute *per se* violations.

**SECOND CLASS COUNT**
New Jersey Truth-in-Consumer Contract, Warranty and Notice Act Violations

61.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

62.     The offers to enter into a post-judgment settlement of a consumer debt that LVNV sent to Plaintiff and others similarly situated constitute offers to enter into consumer contracts.

63.     These offers to enter into consumer contracts violate the clearly established rights of New Jersey consumers by charging many times greater than the Court rate of interest that was applied to New Jersey judgments from the time the LVNV judgment was entered through to the date when the Niagara Credit collection letters were sent.

64.     The LVNV offers to enter into consumer contracts violate LVNV's responsibilities which were clearly established under New Jersey law by charging many times greater than the Court rate of interest that was applied to New Jersey judgments from the time the LVNV judgment was entered through to the date when the letters were sent.

65.     By sending Plaintiff and those similarly situated written offers to enter into consumer contracts which violated the clearly-established legal rights of Plaintiff and those similarly situated and LVNV's clearly-established legal responsibilities, LVNV violated TCCWNA at N.J.S.A. 56:12-15.

66.     Plaintiff and those similarly situated are entitled to a minimum civil penalty of $100.00 for each of LVNV's violations of TCCWNA.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against the Defendants as follows:

A.  For certification of this matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of The Wolf Law Firm, LLC and Christopher J. McGinn, Esq. as class counsel;

B.  For maximum statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1)-(2);

C.  For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

D.  For pre-judgment and post-judgment interest;

E.  Awarding statutory civil penalties in the amount of $100 per contract for Plaintiff and members of the class against LVNV as defined as provided by TCCWNA at N.J.S.A. 56:12-17;

F.  Awarding reasonable attorney fees and costs of suit in connection with this action against LVNV, pursuant to TCCWNA at N.J.S.A. 56:12-17;

G.  For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, except that this matter is related to LVNV's prior collection case against Plaintiff, Docket Number BER-L-010487-08. I further certify that I know of no party who should be joined in the action at this time.

Daniel I. Rubin
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
Tel. 732-545-7900
Fax 732-545-1030
drubin@wolflawfirm.net

Christopher J. McGinn
THE LAW OFFICE OF CHRISTOPHER J. MCGINN
75 Raritan Ave. - Suite 220
Highland Park, NJ 08904
Tel. 732-937-9400
Fax 800-931-2408
cjmcginn@njconsumerprotection.com

*Attorneys for Plaintiff,*
*on behalf of himself and those similarly situated*

Dated: March 27, 2015

# EXHIBIT A

Appended to:

## CLASS ACTION COMPLAINT AND JURY DEMAND

*JOHN K. JAVAN, on behlaf of himself and those similalry situated vs. LVNV FUNDING, LLC, NIAGARA CREDIT SOLUTIONS, INC. and FRANK SALVINI*

Docket No. MID-L-

420 Lawrence Bell Drive, Suite #2
Williamsville, NY 14221-7820
RETURN SERVICE REQUESTED

| TOLL FREE: 1-800-381-0416 |

| VISA | MASTERCARD | AMEX | |
|---|---|---|---|
| Expiration | Credit Card Number | | CV Code |
| Amount Authorized | | Signature | |

| Date | Total Amount Due |
|---|---|
| 10/10/2014 | $5,337.16 |
| Account Number | Amount Enclosed |
| 2920983-136 | |

JAVAN, JOHN K
"REDACTED"

**PLEASE SUBMIT PAYMENT TO:**
Niagara Credit Solutions, Inc.
420 Lawrence Bell Drive, Suite #2
Williamsville, New York 14221-7820

| Niagara Account # | Reference Creditor | Total Amount Due |
|---|---|---|
| 2920983-136 | HOUSEHOLD BANK – COMP USA | $5,337.16 |
| Date | Regarding Our Client and the Account Owner | Client Account # |
| 10/10/2014 | LVNV FUNDING LLC | 7001115101173094 |
| Principal Balance | Interest Balance | Misc Balance |
| $3,867.86 | $1,469.30 | $0 |
| | Judgment Case # | |
| | DC 010487 08 | |

Welcome to Niagara Credit Solutions, Inc. We are here to help. Our client has authorized us to offer you a settlement in full on the above mentioned account by agreeing to accept less than the full balance due to pay-off the account. Please be advise that, after the agreed upon settlement amount has been paid in full and funds have cleared, we will notify our client to file the necessary satisfaction of judgment with the clerk. The total amount of your settlement is $3,202.29.

To accept this settlement offer, the following terms must be met.

* Your first payment of $250.00 must be received in our office no later than 10/10/2014.
* Your second and final payment of $2,952.29 must be received in our office no later than 10/31/2014.

Failure to meet the settlement terms as listed above may result in the settlement offer being revoked. We are not obligated to renew this offer.

If you would like to take advantage of this offer, please contact our offices at 1-800-381-0416 and ask for the settlement department, where a friendly customer service representative will help to explain your available options. For your convenience we accept check-by-phone, ACH, major credit cards, money-gram and bank-to-bank wire. Operators are standing by to help.

Credit card holders may pay by filling in the boxes above or you may remit a check or money order. Please return the tear off portion with your payment.

IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C. You will receive a copy of the Form 1099-C if one is required to be filed with the IRS.

**Federal law requires we notify you that this communication is from a professional debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely

Frank Salvini
Division Manager
Niagara Credit Solutions, Inc
TOLL FREE: 1-800-381-0416

Hours of Operation: Monday – Thursday 8AM – 9PM Eastern, Friday 8AM – 5PM Eastern, Saturday 8AM – 12 Noon Eastern

**Niagara Credit Solutions, Inc.**   420 Lawrence Bell Dr. Suite 2, Williamsville NY 14221

# EXHIBIT B

Appended to:

CLASS ACTION COMPLAINT AND JURY DEMAND

*JOHN K. JAVAN, on behlaf of himself and those similalry situated*
*vs. LVNV FUNDING, LLC, NIAGARA CREDIT SOLUTIONS, INC.*
*and FRANK SALVINI*

Docket No. MID-L-

| VISA | MASTERCARD | AMEX |
|---|---|---|

PLEASE SUBMIT PAYMENT TO:
Niagara Credit Solutions, Inc.
426 Lawrence Bell Drive, Suite #2
Williamsville, New York  14221-7820

REDACTED
FIRST
LAST, YOUR NR
'REDACTED'

Reference Credit
NCO CAROLLE BANK FSB, N.A
According Our Client and the Account Owner
LVNV FUNDING, LLC

Client Account

Federal law requires we notify you that this communication is from a professional debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

# EXHIBIT C

Appended to:

CLASS ACTION COMPLAINT AND JURY DEMAND

*JOHN K. JAVAN, on behlaf of himself and those similalry situated*
*vs. LVNV FUNDING, LLC, NIAGARA CREDIT SOLUTIONS, INC.*
*and FRANK SALVINI*

Docket No. MID-L-

FILED   Jun 06, 2008

FORCES, CROSS & GARRIE

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
SPECIAL CIVIL PART, _____

DOCKET NO.
CIVIL ACTION   10487/08

CERTIFICATION OF PROOF AND OF
NON-MILITARY SERVICE

I CERTIFY on behalf of my knowledge that the foregoing statements are true, if any of the foregoing statements are willfully false, I am subject to punishment.

Name: Sandra Watkins

STATEMENT/BOOK ACCOUNT

CACH FUNDING LLC A/P/O HOUSEHOLD BANK(SB)N.A.
4 J MAIN ST,STE 600
GREENVILLE SC 29601

Account Number:                  QC435477694

Debtor's Name:                   JOHN K JAVAN

Original Creditor:               HOUSEHOLD                         Merchan

Write Off Date(Charge Off Date): 01/31/2004

Referred Amount:                 3,367.88

Creditors Balance:               3,367.88

Interest From Date:              04/28/2004

Interest                         Start-Date  End-Date    Rate   Days   Int-Amount
                                 04/28/2004  12/31/2004  2.00%  248    45.76
                                 01/01/2005  12/31/2005  1.00%  365    33.67
                                 01/01/2006  12/31/2006  2.00%  365    67.35
                                 01/01/2007  12/31/2007  4.00%  365    134.71
                                 01/01/2008  05/21/2008  5.50%  142    72.06

Judgment Amount:                 353.55

Balance Due:                     3,721.43

Total Paid:

Last Payment Date:

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS  8:30 AM - 4:30 PM

                            DATE:   MARCH 31, 2015
                            RE:     JAVAN JOHN VS LVNV FUNDING LLC
                            DOCKET: MID L -001841 15

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON TRAVIS L. FRANCIS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 519-3737 EXT 3737.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                            ATTENTION:

                            MCGINN              CHRISTOPHE
                            75 RARITAN AVENUE
                            SUITE 220
                            HIGHLAND PARK   NJ 08904

JUMPIE0



# CIVIL CASE INFORMATION STATEMENT

## (CIS)

Use for initial Law Division-Civil Part pleadings (not motions) under R. 4:5-1

Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK   ☐ CG   ☐ CA |
| CHG/CHK NO.   FILED & REF |
| AMOUNT:   2015 MAR 30 |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Daniel I. Rubin -- NJ Attorney ID No. 015552005 | (732) 545-7900 | MIDDLESEX |

| FIRM NAME (If Applicable) | DOCKET NUMBER |
|---|---|
| The Wolf Law Firm, LLC | MID-L- 1841-15 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 1520 U.S. Highway 130, Suite 101<br>North Brunswick, New Jersey 08902 | Class Action Complaint<br><br>JURY DEMAND: ☒Yes ☐No |

| NAME OF PARTY (e.g. John Doe, Plaintiff)<br>Plaintiff, John K. Javan | CAPTION<br>JOHN K. JAVAN, on behlaf of himself and those similairy situated v. LVNV FUNDING, LLC, NIAGARA CREDIT SOLUTIONS, INC. and FRANK SALVINI |
|---|---|

| CASE TYPE NUMBER<br>508   COMPLEX COMMERCIAL | HURRICANE SANDY RELATED?<br>☐ YES ☒ No | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO<br>IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT |
|---|---|---|

| RELATED CASES PENDING ☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)? ☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE   ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED BELOW CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT,   IF YES, WHAT<br>PAST OR RECURRENT   RELATIONSHIP?<br>RELATIONSHIP? ☐ YES ☒ NO | ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER(explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

B. DOES THE STATUTE GOVERNING THIS
CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES   ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT TO OR ACCELERATED DISPOSITION.

This is a putative class action. Single-judge case management and expanded discovery are appropriate because of the inherent complexity involved in determining class certification, providing class notice, and adjudicating the claims on a class-wide basis.

DO YOU OR YOUR CLIENT NEED ANY DISABILITY
ACCOMMODATIONS?   ☐ YES ☒ NO   IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED?   ☐ YES ☒ NO   IF YES, FOR WHAT LANGUAGE:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE   *Dan Rubin*

**Side 2**

Effective 08-19-2013, CN 10517-English

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

### Use for initial pleadings (not motions) under R. 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (briefly describe nature of action) |

**Track II - 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT – OTHER |

**Track III - 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV - Active Case Management by Individual Judge/450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category.

☒ Putative Class Action          ☐ Title 59

Effective 08-19-2013, CN 10517-English

# EXHIBIT 3

**Hester, Kathryn R.**

| | |
|---|---|
| **From:** | Needleman, Joann |
| **Sent:** | Thursday, May 14, 2015 2:57 PM |
| **To:** | Hester, Kathryn R. |
| **Subject:** | FW: Authorization  - Javan |

**From:** Brandon Lancaster [mailto:blancaster@centerpointls.com]
**Sent:** Thursday, May 07, 2015 3:50 PM
**To:** Needleman, Joann
**Cc:** David Peltan
**Subject:** FW: Authorization

Joann,

Here is consent to remove to Federal from Mr. Salvini.

**From:** FRANK SALVINI [mailto:FSALVINI@niagaracs.com]
**Sent:** Thursday, May 07, 2015 2:49 PM
**To:** Brandon Lancaster
**Cc:** Ron Morano; 'davidpeltan@peltanlaw.com'; 'brandonwrazen@peltanlaw.com'
**Subject:** Authorization

Please accept this as my authorization to have the matter of John K Javan v LVNV Funding LLC, Niagara Credit Solutions, Inv, and Frank Salvini attempted to be moved to Federal court.

If you have any questions please feel free to contact me on my personal cell 716-713-6231

Frank Salvini
Division Mangager
Niagara Credit Solutions Inc.
Ph. 1-800-381-0416 ext 210
Direct 716-539-1161
Fax 716-681-5317

**CONFIDENTIAL COMMUNICATION**

This e-mail and any files transmitted with are intended solely for the individual or entity to whom it is addressed. This communication may contain confidential and/or privileged material. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, then you have received this e-mail in error and any use, dissemination, forwarding, printing, or copying of this e-mail and any file attachments is strictly prohibited. If you have received this e-mail in error, please notify me and destroy the original transmission and its contents.

## Hester, Kathryn R.

**From:** Needleman, Joann
**Sent:** Thursday, May 14, 2015 2:57 PM
**To:** Hester, Kathryn R.
**Subject:** FW: Javan class action - addition authorization for removal

**From:** Brandon Lancaster [mailto:blancaster@centerpointls.com]
**Sent:** Thursday, May 07, 2015 3:13 PM
**To:** Needleman, Joann
**Cc:** David Peltan
**Subject:** FW: Javan class action - deadline for removal

Joann,

Here is the authorization for removal from Niagara. We had discussed since the beginning that this was their intention.

**From:** Ron Morano [mailto:RMORANO@niagaracs.com]
**Sent:** Thursday, May 07, 2015 2:06 PM
**To:** Brandon Lancaster; David Peltan
**Cc:** Brandon Wrazen
**Subject:** RE: Javan class action - deadline for removal

Brandon-

In the class action matter of John K. Javan (and others similarly situated) vs. LVNV Funding, LLC, Niagara Credit Solutions Inc. and Frank Salvini , please accept this Niagara Credit Solutions, Inc. authorization to attempt to get this moved to federal court.

If you our counsel have any questions, please feel free to contact me on my cell 716-390-2305 or at any of the numbers below.

Best Regards,

Ron Morano
Vice President of Collections and Sales
Niagara Credit Solutions, Inc.
420 Lawrence Bell Dr, #2
Williamsville, NY 14221
Office Direct- 716-539-1160
Office Tol Free- 1-800-381-0416
Fax- 716-681-5317